**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert H. COSBY, Defendant—Appellant.**

No. 02–10207.

D.C. No. CR–98–00148–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 11, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*

Robert Cosby appeals his conviction for one count of money laundering in violation of 18 U.S.C. § 1957 and a forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (b)(1)(A) and 21 U.S.C. § 853. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Cosby argues that the district court improperly deferred to the Hong Kong tribunal's extradition decision. However, all that the district court deferred to was the Hong Kong judge's interpretation of Hong Kong law. In any event, we review de novo whether extradition satisfies the doctrines of "dual criminality" and "speciality," *United States v. Khan*, 993 F.2d 1368, 1372 (9th Cir.1993), and we agree with the district court's conclusions on both issues.

With respect to dual criminality, Cosby contends that his case is indistinguishable from *Khan* because Hong Kong did not have a law against "money laundering" during the time frame alleged in the indictment. But this does not matter, as the crime of money laundering is listed in the schedule of extraditable offenses at Article 2(1)(viii) of the extradition treaty between the United States and Hong Kong. *See Yin–Choy v. Robinson*, 858 F.2d 1400, 1405 (9th Cir.1988). In addition, unlike *Khan*, the fraudulent conduct underlying the offense of money laundering charged in the indictment is substantially analogous

---

to conspiracy, fraud and theft that are recognized as criminal offenses in Hong Kong. *See Yin–Choy,* 858 F.2d at 1405; *Theron v. United States Marshal,* 832 F.2d 492, 496 (9th Cir.1987) (essential character of acts criminalized is the same even though United States offense is not identical to Hong Kong offenses). Therefore, the requirements of dual criminality are met.

## II

Cosby argues that the United States prosecuted him for a different offense from the offense on which Hong Kong agreed to extradite him, and further, that Hong Kong determined his particular extraditable offense primarily to avoid a statute of limitations bar to his prosecution. However, it is clear from the judgment of the High Court that the judge considered the criminal conduct of which Cosby was accused and determined that Cosby could be proceeded against on the basis of that conduct. Given the judge's careful explanation on the point, there is no question that Hong Kong would not consider the acts for which the defendant was prosecuted as independent from those for which he was extradited. *United State v. Cuevas,* 847 F.2d 1417, 1428 (9th Cir.1988). Accordingly, the doctrine of speciality is not violated by Cosby's conviction for money laundering.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.